UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOHN MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-04149-JMS-TAB |
| | ) | |
| PANTHER II TRANSPORTATION, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY ON PLAINTIFF'S MOTION TO AMEND COMPLAINT**

**I.   Introduction**

Plaintiff John Miller seeks leave to file an amended complaint that would add two new party defendants: William Hall and Expediter Services, LLC. At issue is whether the amendment is futile. Defendant Panther II Transportation, Inc. argues that the statute of limitations has run, and that Miller's motion fails to show the amendment relates back to the date of the original pleading. For the reasons discussed below, the Court concludes the amendment is futile and denies Miller's motion for leave to amend his complaint. [Filing No. 17.]

**II.   Background**

On October 11, 2017, Miller filed a personal injury suit in Marion Superior Court against Panther regarding an incident on November 8, 2015. Panther then removed the action to this Court based on diversity jurisdiction. Miller and Panther agree that Indiana law provides the applicable statute of limitations, which in this instance is two years. Therefore, the statute ran on November 8, 2017.

Based on information provided by Panther and through his own investigation, Miller discovered Hall was the truck driver involved in the incident that injured him, and now seeks to

add Hall as a new defendant.  Miller also learned that Hall was not employed by Panther, but was instead working on behalf of Expediter (either as an employee or an independent contractor).  Thus, Miller also seeks to add Expediter as a new defendant.

**III.    Discussion**

Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  This is a liberal standard that "require[s] a district court to allow amendment unless there is a good reason—futility, undue delay, undue prejudice, or bad faith—for denying leave to amend."  *Life Plans, Inc. v. Sec. Life of Denver Ins. Co.*, 800 F.3d 343, 357–58 (7th Cir. 2015).

Panther argues that there is a good reason for the Court to deny Miller leave—futility.  As noted above, the statute of limitations in this matter has run.  Panther contends that Miller's amendment is futile unless Miller can show that the date of the amended complaint relates back to the date of the original filing under Rule 15(c)(1).  Panther asserts that, because Miller fails to meet the requirements of Rule 15(c)(1), the date of the amendment does not relate back, so the claims against Hall and Expediter are barred by the statute of limitations and will simply be dismissed, making the amendment futile.  The Court agrees.

Under Rule 15(c)(1), for the purpose of determining whether a claim is barred by the statute of limitations, an amendment to a pleading relates back to the date of the original pleading when:

> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1).

Panther concedes that Miller's claims against Hall and Expediter arise out of the same conduct, transaction, or occurrence set out in the original complaint. And Panther admits that Hall and Expediter had actual knowledge of Miller's intent to add them as new defendants within the Rule 4(m) period—though months after the statute of limitations ran. Further, Panther does not argue that Hall or Expediter are prejudiced by Miller's delay. Thus, the issue is whether Miller made a "mistake" as contemplated by subpart (C)(ii).[1]

Miller did not make a mistake. Miller's claimed "mistake" was waiting until a month before the statute of limitations ran to file suit and not completing his investigation to learn who the additional potential defendants were in time to meet the deadline. Seventh Circuit courts have consistently held that if the plaintiff's failure to name the additional potential defendant resulted from a lack of knowledge, then the failure was not a mistake under Rule 15(c)(1)(C)(ii). *Hall v. Norfolk S. Ry. Co.*, 469 F.3d 590, 596 (7th Cir. 2006). "[W]e have repeatedly reiterated that 'relation back' on grounds of 'mistake concerning the identity of the proper party' does not apply where the plaintiff simply lacks knowledge of the proper defendant." *Id.* (collecting cases).

> In the adversarial system of litigation the plaintiff is responsible for determining who is liable for her injury and for doing so before the statute of limitations runs

---

[1] Panther also argues that Miller is not attempting to change a party or a party's name, and thus Rule 15(c)(1)(C) does not apply. However, the Court does not address this argument because it finds for Panther based on its argument that Miller did not make a mistake. Still, the Court notes that most courts have adopted a liberal understanding of this requirement. *See* Wright & Miller, § 1498.2 Relation Back of Amendments Changing Parties—The Change-of-Parties Requirement, 6A Fed. Prac. & Proc. Civ. § 1498.2 (3d ed.).

3

> out; if she later discovers another possible defendant, she may not, merely by invoking Rule 15(c), avoid the consequences of her earlier oversight.

*Id.* (quoting *Rendall-Speranza v. Nassim*, 107 F.3d 913, 919 (D.C. Cir. 1997)); see also Wright & Miller, § 1498.3 Relation Back of Amendments Changing Parties—The Knowledge-of-Mistake Requirement, 6A Fed. Prac. & Proc. Civ. § 1498.3 (3d ed.) ("Moreover, numerous courts have held that if plaintiff's failure to name the defendant being proposed by amendment resulted from a lack of knowledge, then it was not the result of a 'mistake,' and thus did not fall under the rule.").

Miller argues that the Supreme Court overturned the Seventh Circuit by broadly defining mistake when it pointed to Black's Law Dictionary's and Webster's Third New International Dictionary's definitions of "mistake." [Filing No. 24, at ECF p. 5 (citing *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 548–49 (2010)).] One of the definitions listed—in a parenthetical—included that a mistake can be caused by "inadequate knowledge." *Krupski*, 560 U.S. at 548–49. However, this argument is unpersuasive because the citation was dictum and Seventh Circuit courts have continued to limit what qualifies as a mistake.

Courts may reject a part of an opinion if it is "unnecessary to the outcome of the earlier case," "not an integral part of the opinion," "not grounded in facts of the case," or if "the issue addressed in the passage was not presented as an issue, hence [it] was not refined by the fires of adversary presentation." *See U.S. v. Crawley*, 837 F.2d 291, 292–93 (7th Cir. 1988). The definitions were merely Justice Sotomayor's rhetorical starting point to determine whether plaintiff's knowledge of the existence of the proper defendant rendered the plaintiff's naming of the improper defendant a deliberate choice, rather than a mistake. *See Krupski*, 560 U.S. at 548–49. The definition from Webster's that included inadequate knowledge was in no way necessary or integral to that holding, it was not related to the facts of *Krupski*, and it was not tested by the

4

litigants in the fires of adversary presentation. In short, there is no reason to think the Supreme Court in any way considered whether the plaintiff's inadequate knowledge stemming from his failure to timely investigate and pursue his claim is a mistake under Rule 15(c)(1)(C)(ii).

Subsequent Seventh Circuit case law bolsters the conclusion that the parenthetically listed definition was dictum. Since *Krupski*, Seventh Circuit courts have reaffirmed that a lack of knowledge of the defendant is not a mistake. In a concurring opinion, Judge Wood noted, "we do not permit relation back under [Rule] 15(c)(1)(C) where the plaintiff simply did not know whom to sue." *Vance v. Rumsfeld*, 701 F.3d 193, 211 (7th Cir. 2012) (en banc) (Wood, J., concurring). Similarly, Seventh Circuit district courts have consistently distinguished *Krupski* and held that lack of knowledge is not a mistake. *Cole v. Lemke*, 16 C 7845, 2018 WL 1936833, at *4–5 (N.D. Ill. Apr. 24, 2018); *Drapes v. Hardy*, 14 CV 9850, 2018 WL 453738, at *6 (N.D. Ill. Jan. 16, 2018); *Terry v. Chicago Police Dept.*, 200 F. Supp. 3d 719, 725 (N.D. Ill. 2016); *Watson v. Williamson*, 11-3093, 2013 WL 3353866, at *3–4 (C.D. Ill. July 3, 2013); *Stoller v. Dart*, 12 C 4928, 2013 WL 2156049, at *4–5 (N.D. Ill. May 17, 2013).

Moreover, this interpretation is in line with the purpose of Rule 15(c)(1)(C). As the Supreme Court emphasized, the purpose of Rule 15(c)(1)(C) is to prevent a "windfall for a prospective defendant who understood, or should have understood that he escaped suit during the limitations period only because the plaintiff misunderstood a crucial fact about his identity." *Krupski*, 560 U.S. at 550. Further, "[a] potential defendant who has not been named in a lawsuit by the time the statute of limitations has run is entitled to repose—unless it is or should be apparent to that person that he is the beneficiary of a mere slip of the pen." *Joseph v. Elan Motorsports Techs. Racing Corp.*, 638 F.3d 555, 560 (7th Cir. 2011) (quoting *Rendall-Speranza v. Nassim*, 107 F.3d 913, 918 (D.C. Cir. 1997)). Miller's failure to discover Hall and Expediter

is not at all analogous to a mere slip of the pen, nor do Hall and Expediter receive a windfall due to Miller's failure to search out their roles in his injury within his allotted time under the statute of limitations. Therefore, Miller's requested amendment is futile because he cannot add Hall and Expediter as new defendants under Rule 15(c)(1)(C).

Miller attempts to delay resolving the relation-back issue by arguing it is a separate inquiry from whether to permit him to amend the complaint. Miller proposes that the Court should look to the liberal amendment standard to allow the amendment, and then Hall and Expediter can move to dismiss based on Rule 15(c)(1), if they so choose. Miller relies on *Joseph*, 638 F.3d at 558, but that case does not mandate such formulaic redundancy. Rather than holding that the district judge erred in considering the relation-back question, the Seventh Circuit expressly noted that district courts commonly deny leave to amend when the amendment does not relate back. *Id.* at 559. The district court's mistake, the appeals court said, was dismissing the suit for want of a controversy without issuing a final judgment on the merits against either the named defendant or the party the plaintiff attempted to add as a defendant. *Id.* at 558–59. Without a final judgment on the merits against either entity, the defendant called into question the appeals court's jurisdiction. *Id.* at 559.

The appeals court sought to prevent this kind of "ridiculous [jurisdictional] argument" brought on by the lack of a judgment on the merits. *Id.* The Seventh Circuit gave district courts two options: 1) simultaneously allow the amendment and render a judgment on the merits dismissing the new defendants, or 2) deny leave to amend and follow it up by entering a final

6

judgment. *Id.* at 558–59. In this instance, the Court selects the latter option and denies Miller's motion to amend his complaint.[2]

**IV. Conclusion**

The Court denies Miller's request for leave to amend his complaint. [Filing No. 17.] The amendment would be futile because it seeks to add defendants against whom he cannot maintain claims. The claims are barred by the applicable statute of limitations, and the amendment does not relate back to the date of the original filing.

Date: 5/14/2018

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution: All-ECF registered counsel of record by email.

---

[2] Under 28 U.S.C. § 636(b)(1), the Magistrate Judge may not issue a judgment on the merits in this instance. Therefore, the Magistrate Judge recommends the District Judge enter a final judgment dismissing Miller's claims against Hall and Expediter. This entry should be treated like a Report and Recommendation, and any objections to this entry shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1). Absent a showing of good cause, failure to file objections within 14 days after service shall constitute a waiver of subsequent review.