UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:17-cv-04149-JMS-TAB |
| | ) |
| PANTHER II TRANSPORTATION, INC., | ) |
| | ) |
| Defendant. | ) |

# **ORDER**

Plaintiff John Miller was injured after falling, along with his forklift, from the back of a box truck after the truck allegedly moved away from the loading dock. [Filing No. 1-1 at 3.] Mr. Miller brought suit in state court against Defendant Panther II Transportation, Inc. ("Panther"), believing the driver of the box truck to be the "employee[] and/or agent[]" of Panther and alleging Panther to be vicariously liable for the driver's negligence. [Filing No. 1-1 at 4.]

Through the discovery process, Mr. Miller learned that the truck driver was one William Hall and that Mr. Hall may have been working for a different company called Expediter Services, LLC ("Expediter"; together, "Putative Defendants"). [*See* Filing No. 17-10 at 3; Filing No. 17-10 at 7.] After the statute of limitations had run, Mr. Miller moved to amend his complaint to join Mr. Hall and Expediter as defendants in this matter. [Filing No. 17.] Panther opposed Mr. Miller's Motion, arguing that it was futile because the statute of limitations had run. However, Mr. Miller argued that the amendment would relate back to the filing of his initial Complaint because he told the Putative Defendants that, but for his mistake in failing to previously identify them, they would have been named as defendants within the statute of limitations. Mr. Miller relied upon Federal Rule of Civil Procedure 15(c), which allows an amended complaint to relate back if (among other

things) "the party to be brought in by amendment . . . knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C).

The parties' dispute here raises an important and unsettled question regarding the role "mistake" plays in the relation back analysis. Applying Seventh Circuit case law decided prior to the Supreme Court's decision in *Krupski v. Costa Crociere*, 560 U.S. 538 (2010), Magistrate Judge Tim Baker held that, as a matter of law, the omission of the Putative Defendants could not constitute a mistake because Mr. Miller lacked knowledge of the Putative Defendants at the time he filed this lawsuit. [Filing No. 27.] The Magistrate Judge therefore denied Mr. Miller's Motion to Amend as futile. Mr. Miller timely objected to the Magistrate Judge's Order. [Filing No. 30.] The Court concludes, however, that the focus on the plaintiff's knowledge and the unequivocal rule that lack of knowledge cannot suffice for a "mistake" is incompatible with the Supreme Court's directive in *Krupski*. Therefore, as detailed below, the Court **SUSTAINS** Mr. Miller's Objection and **GRANTS** Mr. Miller leave to amend his complaint.

## I.
### STANDARD OF REVIEW

The Magistrate Judge ruled on Mr. Miller's Motion to Amend, a quintessentially nondispositive motion generally subject to deferential review, *see Hall v. Norfolk S. Ry. Co.*, 469 F.3d 590, 595 (7th Cir. 2006), 469 F.3d at 595; Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A), and additionally recommended that the Court enter partial judgment, a quintessentially dispositive action subject to *de novo* review, *see* Fed. R. Civ. P. 72(b). The Court must "modify or set aside any part" of the Magistrate Judge's Order on the Motion to Amend "that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). As the disjunctive standard set out in Rule 72(a) suggests, factual findings and some mixed questions of law and fact are reviewed for clear error. *Cf., e.g.*,

*U.S. Bank Nat'l Ass'n ex rel. CWCapital Asset Mgmt. LLC v. Village at Lakeridge, LLC*, 138 S. Ct. 960, 967 (2018) ("In short, the standard of review [of a bankruptcy court's decision] for a mixed question all depends—on whether answering it entails primarily legal or factual work."). The contrary-to-law standard, however, requires the Court to sustain an objection whenever a nondispositive order "fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Pain Ctr. of SE Ind., LLC v. Origin Healthcare Sol'ns, LLC*, 2014 WL 6674757, at *2 (S.D. Ind. 2014) (internal quotations omitted). Therefore, as is usually (but not always) the case with review of judicial decisions, the Court reviews the Magistrate Judge's legal conclusions *de novo*. Compare *id.* and *U.S. Bank Nat'l Ass'n*, 138 S. Ct. at 965 *with Dassey v. Dittmann*, 877 F.3d 297, 302 (7th Cir. 2017) (explaining standard of review for state habeas petitions under federal statute as "whether the [legal] decision was unreasonably wrong under an objective standard"). Here, Mr. Miller's sole objection is that the Magistrate Judge's Order applied the incorrect legal standard for relation back. The Court thus reviews both the challenged legal holding of the Magistrate Judge's Order and its dispositive recommendation that the Court enter partial judgment under the *de novo* standard, as if it were considering the matters in the first instance. The Court's review of a nondispositive order is generally limited to the issues raised by the parties' objections, as "[a] party may not assign as error a defect in the order not timely objected to." Fed. R. Civ. P. 72(a).

## II.
### BACKGROUND

This lawsuit arises out of a November 18, 2015 incident when Mr. Miller and the forklift he was operating fell out of the back of a box truck when the truck began to drive away from the loading dock. [Filing No. 1-1 at 3.] On October 11, 2017, Mr. Miller brought suit against Panther in state court, alleging that the incident occurred as a "result of the negligence of [Panther's]

3

employees and agents." [Filing No. 1-1 at 4.] On November 8, 2017, Panther removed the matter based upon the Court's diversity jurisdiction. [Filing No. 1.]

Through discovery, Mr. Miller learned that Mr. Hall was the driver of the box truck and that he was (or may have been) an employee of Expediter. On December 22, 2017, Mr. Miller's counsel mailed a letter to Mr. Hall explaining that "when this lawsuit was filed, I did not know your involvement with this accident" and that "it has now become necessary to add you as a party defendant in this lawsuit." [Filing No. 17-10 at 3.] On January 9, 2018, Mr. Miller's counsel mailed a similar letter to counsel for Expediter, explaining Mr. Hall had given a statement that he was an employee of Expediter at the time of the incident. [Filing No. 17-10 at 7.] The letter stated: "I understand that Mr. Hall may be mistaken in this assertion, but this is what he said. If I had known this information previously, I would have named Expediter . . . as a party defendant in this lawsuit . . . ." [Filing No. 17-10 at 7.]

On February 28, 2018, after the statute of limitations had run, Mr. Miller moved for leave to amend his complaint to allege claims against the Putative Defendants. [Filing No. 17.] On May 14, 2018, the Magistrate Judge denied Mr. Miller's Motion. [Filing No. 27.] Mr. Miller timely objected to the Magistrate Judge's Order, [Filing No. 30], and his Objection is now ripe for decision.

## III.
### DISCUSSION

Mr. Miller raises just one objection to the Magistrate Judge's Order, arguing that the Order applied the incorrect standard for relation back in denying his Motion for Leave to Amend Complaint on futility grounds. [Filing No. 30.] Mr. Miller argues that, in determining whether an amended complaint relates back to a timely, earlier-filed complaint, recent cases require the Court

to look not to what Mr. Miller did or said, but what the Putative Defendants knew or should have known. [Filing No. 30 at 2.]

In response, Panther argues that the Magistrate Judge's Order properly determined that Mr. Miller did not make a mistake in failing to name the Putative Defendants at the time he filed his initial Complaint, and therefore properly concluded that his Proposed Amended Complaint would be futile under the statute of limitations. [Filing No. 31.]

In reply, Mr. Miller reiterates his argument and cites to district court cases which support his interpretation of the recent precedent.[1] [Filing No. 32 at 1-4.]

Rule 15(c)(1) provides in relevant part as follows:

**(1) *When an Amendment Relates Back.*** An amendment to a pleading relates back to the date of the original pleading when:
. . .
    **(C)** the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
        **(i)** received such notice of the action that it will not be prejudiced in defending on the merits; and
        **(ii)** knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

In part due to the unusual procedural posture in which this issue is being addressed, the present dispute turns solely on a discrete part of subparagraph (ii)—the meaning of "but for a mistake concerning the proper party's identity." The reasons for the odd posture are two-fold: First, the statute of limitations is a waivable affirmative defense, and ordinarily "complaints need not anticipate and attempt to plead around defenses." *Chi. Bldg. Design, P.C. v. Mongolian House,*

---

[1] Mr. Miller also argues in reply that his proposed amended complaint would relate back under Indiana law, [Filing No. 32 at 5-6.], but Mr. Miller did not object to the Order on this ground and he "may not assign as error a defect in the order not timely objected to," Fed. R. Civ. P. 72(a). The Court therefore limits its review to Mr. Miller's objection to the application of relation back under federal law.

5

*Inc.*, 770 F.3d 610, 613 (7th Cir. 2014). Second, the statute-of-limitations defense does not even belong to Panther. Rather it belongs, if raised at all, to the Putative Defendants. Panther is thus left arguing the merits of the defense in the abstract. This odd posture means that Panther is not the proper party to raise subparagraph (1), which pertains to prejudice to the putative defendant if the Court were to allow relation back, and cannot meaningfully litigate the first clause of subparagraph (ii), which asks what a putative defendant "knew or should have known." The only evidence on this last point is the uncontroverted and uncontested evidence proffered by Mr. Miller, which demonstrates that he informed the Putative Defendants of his intent to join them in the action within the time allotted by Rule 4(m). This means that the only issue before the Court is the meaning and role of "mistake" in the Rule 15(c)(1)(C) analysis. It also means that the Court cannot conclusively determine whether relation back is appropriate, but can only determine whether it may be available to Mr. Miller in this case.

For a long time, the Seventh Circuit followed the rule that "[a] plaintiff's ignorance or misunderstanding about who is liable for his injury is not a 'mistake' as to the defendant's 'identity.'" *Hall*, 469 F.3d at 596 (citing *Wood v. Worachek*, 618 F.2d 1225, 1229 (7th Cir. 1980)). But, as the Seventh Circuit recognized in *Joseph v. Elan Motorsports*, "the Supreme Court in *Krupski v. Costa Crociere S.P.A.*, 560 U.S. 538 (2010), changed what we and other courts had understood, in *Hall* . . . , to be the proper standard for deciding whether an amended complaint relates back to the date of the filing of the original complaint." 638 F.3d 555, 559 (2011). *Joseph* held that, under *Kruspki*,

> [t]he only two inquiries that the district court is now permitted to make in deciding whether an amended complaint relates back to the date of the original one are, first, whether the defendant who is sought to be added by the amendment knew or should have known that the plaintiff, had it not been for a mistake, would have sued him instead or in addition to suing the named defendant; and second, whether, even if

6

so, the delay in the plaintiff's discovering his mistake impaired the new defendant's ability to defend himself.

*Id.* at 559-60.

*Krupski* observed that prevailing jurisprudence at the time looked to whether the plaintiff "either knew or should have known of the proper party's identity" and then determined based upon that finding whether the plaintiff "made a deliberate choice instead of a mistake" in omitting the new party in the original pleading. 560 U.S. at 548. This, the Court said, was the "wrong starting point." *Id.* The proper focus of the relation back inquiry was not "what the *plaintiff* knew or should have known at the time of filing her original complaint," but "what the prospective *defendant* knew or should have known during the Rule 4(m) period." *Id.* (emphasis in original).

The Court then addressed the role of "mistake" under Rule 15(c)(1)(C)(ii):

> Information in the plaintiff's possession is relevant only if it bears on the defendant's understanding of whether the plaintiff made a mistake regarding the proper party's identity. For purposes of that inquiry, it would be error to conflate knowledge of a party's existence with the absence of mistake. A mistake is "[a]n error, misconception, or misunderstanding; an erroneous belief." Black's Law Dictionary 1092 (9th ed. 2009); see also Webster's Third New International Dictionary 1446 (2002) (defining "mistake" as "a misunderstanding of the meaning or implication of something"; "a wrong action or statement proceeding from faulty judgment, inadequate knowledge, or inattention"; "an erroneous belief"; or "a state of mind not in accordance with the facts"). That a plaintiff knows of a party's existence does not preclude her from making a mistake with respect to that party's identity.

*Id.* at 548-49. The Court provided just one example of what would *not* qualify as a mistake: "a deliberate choice to sue one party instead of another while fully understanding the factual and legal differences between the two parties." *Id.* at 549. Such a choice, the Court said, "is the antithesis of making a mistake concerning the proper party's identity." But the Court then limited this statement:

> We disagree, however, with respondent's position that any time a plaintiff is aware of the existence of two parties and chooses to sue the wrong one, the proper

> defendant could reasonably believe that the plaintiff made no mistake. The reasonableness of the mistake is not itself at issue. As noted, a plaintiff might know that the prospective defendant exists but nonetheless harbor a misunderstanding about his status or role in the events giving rise to the claim at issue, and she may mistakenly choose to sue a different defendant based on that misimpression. That kind of deliberate but mistaken choice does not foreclose a finding that Rule 15(c)(1)(C)(ii) has been satisfied.

*Id.*

Since *Joseph*, the Seventh Circuit has not addressed *Krupski* or its effect on its "mistake" precedent, particularly in cases where the plaintiff seeks to relate back an amended complaint joining previously-unknown defendants. The only statements addressing the issue (and suggesting that *Hall* remains good law) have come in dictum, *Gomez v. Randle*, 680 F.3d 859, 864 n.1 (7th Cir. 2012); unpublished opinions, *Heard v. Elyea*, 525 F. App'x 510, 512 (7th Cir. 2013); *Flournoy v. Schomig*, 418 F. App'x 528, 532 (7th Cir. 2011); and a concurrence, *Vance v. Rumsfeld*, 701 F.3d 193, 211 (7th Cir. 2012) (Wood, C.J., concurring) (dictum). None of these opinions mention *Krupski* or *Joseph*. Thus, while they provide some support for Panther's position that the Seventh Circuit remains committed to *Hall*'s rule that lack of knowledge of a defendant cannot constitute a mistake, they lack precedential value—both because they were not part of the holding of a published opinion and because they did not address the effect of the new precedents. *Cf., e.g.*, *United States v. Lamon*, 2018 WL 3029083, at *2 (7th Cir. 2018) (publication pending) (holding that because earlier case "was not even mentioned," "any variance from" the earlier case "is not binding in later cases"); *Brooks v. Walls*, 279 F.3d 518, 522 (7th 2002) (discounting persuasive authority and distinguishing precedential authority for failure to discuss and apply recent precedential opinions).

District courts in the Seventh Circuit have differed on whether *Hall* remains good law under *Krupski*. Several have held that it does, and have continued to hold that relation back is

8

unavailable where the plaintiff simply lacked knowledge of a prospective defendant's identity. *E.g.*, *Cole v. Lemke*, 2018 WL 1936833, at *5 (N.D. Ill. 2018); *Watson v. Williamson*, 2013 WL 3353866, at *3-4 (C.D. Ill. 2013); *Fleece v. Volvo Constr. Equip. Korea, Ltd.*, 2012 WL 171329, at *4 (N.D. Ill. 2012). Many of these opinions, including the Magistrate Judge's Order in this case, cite to the nonprecedential statements in cases such as *Gomez* and *Vance* to support the proposition that the Seventh Circuit continues to follow *Hall*. But, as explained above, those statements are nonprecedential and ultimately unpersuasive, inasmuch as none of them even mention (let alone purport to interpret or apply) *Krupski*.

*Krupski* speaks broadly about what qualifies as a mistake, quoting from dictionaries which explain that in addition to an "error, misconception, or misunderstanding," a mistake may also be "a wrong action or statement proceeding from faulty judgment, inadequate knowledge, or inattention." 560 U.S. at 548 (first quoting Black's Law Dictionary 1092 (9th ed. 2009), then quoting Webster's Third New International Dictionary 1446 (2002)). Mr. Miller argues that this statement demonstrates that his "mistake" in failing to name the Putative Defendants fits comfortably within the ambit of Rule 15(c)(1)(C)—he had "inadequate knowledge" as to the operator of the box truck and the operator's employer and therefore failed to timely name them as defendants. The Magistrate Judge held that the inadequate knowledge definition was dictum, explaining that the "definition . . . was in no way necessary or integral to that holding, it was not related to the facts of *Krupski*, and it was not tested by the litigants in the fires of adversary

presentation."[2] [Filing No. 27 at 4-5.] *White v. City of Chicago*, 2016 WL 4270152, at *16 (N.D. Ill. 2016), among the cases that have interpreted *Krupski* as inconsistent with *Hall*, addressed this particular argument head on. The *White* court rejected the treatment of "inadequate knowledge" as dictum, reasoning that there is no principled basis in Seventh Circuit precedent for distinguishing a lack of knowledge from a misunderstanding regarding the identity of a putative defendant:

> One could argue the Supreme Court's reference to "inadequate knowledge" was merely unexamined *dictum*, except that the Seventh Circuit, in interpreting the mistake language of Rule 15(c)(1)(C), also has treated lack of knowledge in the same manner as a factual misunderstanding about the identity of a potential defendant. *See Hall*, 469 F.3d at 596 ("A plaintiff's *ignorance or misunderstanding* about who is liable for his injury is not a 'mistake' as to the defendant's identity.") (emphasis added). Indeed, the plaintiff in *Hall* attempted to distinguish prior Seventh Circuit case law denying relation back "on the ground that [those cases] involved plaintiffs who sued 'unknown officers' or 'John Doe' defendants." *Hall*, 469 F.3d at 596. The Seventh Circuit rejected that argument, stating "[w]e do not think this distinction makes any difference." As the Seventh Circuit explained, "[w]hether a plaintiff names a fictitious defendant like 'John Doe' because he does not know who harmed him or names an actual—but nonliable—railroad company because he does not know which of two companies is responsible for his injuries, he has not made a 'mistake' concerning 'identity' within the meaning of Rule 15(c)[(1)(C)]." *Id.* . . . *Hall* said the two situations are to be treated the same under Rule 15(c)(1)(C) and nothing in *Krupski* undermines that portion of *Hall's* reasoning. In fact, as discussed, *Krupski* appears to endorse *Hall*'s similar treatment of the two situations by noting that the definition of "mistake" includes not just "[a]n error, misconception, or misunderstanding" but "inadequate knowledge" as well.

---

[2] The Magistrate Judge also quoted *Joseph*'s statement that "[a] potential defendant who has not been named in a lawsuit by the time the statute of limitations has run is entitled to repose—unless it is or should be apparent to that person that he is the beneficiary of a mere slip of the pen, as it were," to support the Order's limited definition of mistake. [Filing No. 27 at 5 (quoting *Joseph*, 638 F.3d at 560 (internal quotation omitted)).] This is not language of limitation, but instead is best understood as illustrating the type of mistake that "should be apparent" to a potential defendant. *Joseph*, moreover, cited with approval *Abdell v. City of New York*, which allowed relation back even though the plaintiffs failed to initially name the prospective defendant because of a "lack of knowledge regarding [the defendant's] conduct or liability." 759 F. Supp. 2d 450, 457 (S.D.N.Y. 2010). That situation, much like this case, involved a mistake of knowledge concerning events and not a "mere slip of the pen."

10

*Id.*

The Court agrees with *White*'s reading of *Krupski* in light of Seventh Circuit precedent. Most critically, *Krupski*'s statement that inadequate knowledge can constitute a mistake is wholly consistent with its focus on "what the prospective defendant knew or should have known." 560 U.S. at 548 (emphasis omitted). Mistake, *Kruspki* emphasizes, plays a circumscribed role in the Rule 15(c)(1)(C) analysis in light of this proper focus. Courts may not scrutinize "[t]he reasonableness of the mistake." *Id.* at 549. Nor may courts penalize a plaintiff for a "deliberate but mistaken choice" to sue or not sue a particular defendant. *Id.* Just as "it would be error to conflate knowledge of a party's existence with the absence of mistake," surely it too would be error under *Krupski* to conflate a lack of knowledge with the absence of mistake. *Id.* at 548. As *White* summarized,

> An inquiry into th[e] issue [of mistake under *Krupski* is] not a separate, threshold consideration independent of the inquiry into what the defendant understood. Instead, whether the plaintiff made a deliberate choice is a factor under the Court's analysis that sheds light on the ultimate issue of whether the defendant legitimately believed that the limitations period had expired without any attempt by the plaintiff to sue him.

2016 WL 4270152, at *18. Far from unreasoned dictum, *Krupski*'s explanation that lack of knowledge may constitute a mistake is key to the Court's conclusion that the nature of a mistake is not important. Rather, the dispositive inquiry is whether the putative defendant "knew or should have known" that the plaintiff had made a mistake in omitting it as a defendant. Fed. R. Civ. P. 15(c)(1)(C).

Admittedly, the Seventh Circuit has sent mixed signals since *Krupski* was decided. But "[w]hen an intervening Supreme Court decision unsettles [Seventh Circuit] precedent, it is the ruling of the Court that sits on 1 First Street that must carry the day." *United States v. Wahi*, 850 F.3d 296, 302 (7th Cir. 2017). *Joseph* explicitly recognized at least that much, explaining that

*Krupski* "has cut the ground out from under" the Seventh Circuit's earlier relation back cases and "changed what we and other courts had understood[] in *Hall* . . . to be the proper standard" for relation back. 638 F.3d at 559. *But see Brooks*, 279 F.3d at 522 ("One panel of this court cannot overrule another implicitly. Overruling requires recognition of the decision to be undone and circulation to the full court under Circuit Rule 40(e)."). Relying upon *Hall*, the Magistrate Judge's Order began with the incorrect focus by looking at what Mr. Miller knew or did not know. *Krupski* requires a different focus: the Court must look to what the Putative Defendants knew or should have known. Under *Krupski*, Mr. Miller is not foreclosed as a matter of law from asserting mistake based upon a lack of knowledge of the identity of the Putative Defendants and their actions.

At this point in the litigation, with the Putative Defendants not parties to this matter, the only evidence before the Court on the issue of what the Putative Defendants knew are the letters Mr. Miller's counsel sent to counsel for Expediter and to Mr. Hall. While "any delay . . . is relevant only to the extent it may have informed [the Putative Defendants'] understanding during the Rule 4(m) period of whether [Mr. Miller] made a mistake originally," *Krupski*, 560 U.S. at 555, this evidence strongly suggests that Mr. Miller actively pursued discovery regarding any the other participants in the forklift incident and quickly (within three months of filing this lawsuit) notified the Putative Defendants of his intent to sue them for their role. In other words, despite the fact that Mr. Miller filed his lawsuit close to the expiration of the statute of limitations, it appears that Mr. Miller diligently acted to protect his rights.

But at this point, the Court only has Mr. Miller's side of the story. The Court cannot engage in the prejudice analysis nor assess what the Putative Defendants knew or should have known without giving the Putative Defendants an opportunity to be heard. This makes the motion

to amend an ill-suited vehicle for determining statute of limitations and relation back issues. *Cf. Joseph*, 638 F.3d at 558 ("Rule 15(c) is about relation back of amendments; it is not about whether to permit an amendment . . . Amending the complaint . . . was entirely proper; whether the amendment would relate back to the date when the original complaint was filed and thus defeat the defense of statute of limitations was a separate question."). Therefore, the Court does not hold at this time that Mr. Miller's claims against the Putative Defendants automatically relate back to his timely-filed initial Complaint. Rather, the Putative Defendants will have the opportunity to challenge whether relation back is appropriate, should they choose to raise a statute of limitations defense.

## IV.
### CONCLUSION

Mr. Miller's claim of mistake due to a lack of knowledge of the Putative Defendants does not foreclose him from invoking the relation back doctrine should the Putative Defendants raise the statute of limitations as an affirmative defense. Accordingly, Mr. Miller may not be prevented on futility grounds from naming the Putative Defendants as parties to this lawsuit. The Court therefore **SUSTAINS** Mr. Miller's Objection to the Magistrate Judge's Order [30] and **GRANTS** Mr. Miller leave to file an amended complaint.

One issue remains, however. Mr. Miller's proposed amended complaint, [Filing No. 17-1], alleges that he does not know the citizenship of Expediter's members. The Court therefore **ORDERS** Mr. Miller to conduct whatever investigation may be necessary to properly allege Expediter's citizenship and to file an amended complaint reflecting the proper jurisdictional allegations on or before **July 20, 2018**. Should Expediter's joinder destroy diversity, Mr. Miller should allege such and contemporaneously file a motion to remand, whereupon the other defendants may renew their opposition to Mr. Miller's motion for leave to amend as to Expediter.

*See, e.g*, *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 759 (7th Cir. 2009) ("When joinder of a nondiverse party would destroy subject matter jurisdiction, 28 U.S.C. § 1447(e) applies and provides the district court two options: (1) deny joinder, or (2) permit joinder and remand to state court. These are the only options; the district court may not permit joinder of a nondiverse defendant *and* retain jurisdiction." (internal footnote and citation omitted)); *id.* at 761 ("... [W]hen a district court is unaware that joinder will destroy diversity, it may reconsider its prior decision permitting leave to amend a complaint.").

Date: 7/6/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record.**