| | | |
|---|---|---|
| JOHN MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-04149-JMS-TAB |
| | ) | |
| PANTHER II TRANSPORTATION, INC., | ) | |
| EXPEDITER SERVICES, LLC, | ) | |
| WILLIAM A. HALL, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Plaintiff John Miller originally brought this lawsuit in state court after falling from the back of a box truck which unexpectedly moved away from the loading dock. Defendant Panther II Transportation, Inc. ("Panther") removed on the basis of the Court's diversity jurisdiction. Mr. Miller's initial complaint named Panther as the sole defendant, alleging that Panther was vicariously liable for his injuries as the employer of the truck driver. Discovery later revealed that the driver was William Hall, and that Mr. Hall may actually (or additionally) be employed by Expediter Services, LLC ("Expediter"). So Mr. Miller sought, and the Court eventually granted, leave to amend his complaint to join Mr. Hall and Expediter as defendants. [Filing No. 34.] One problem remained, however: Mr. Miller did not know the citizenship of Expediter. Now, Mr. Miller contends that complete diversity does not exist and requests that the Court remand this matter to state court. Panther opposes Mr. Miller's Motion to Remand, attaching affidavits from individuals with various ownership interests in Expediter and its members, and moves for leave to file a surreply to address Mr. Miller's evidentiary objections. For the reasons described below, the

Court **GRANTS** Defendants' Motion for Leave to File Surreply and **DENIES** Mr. Miller's Motion to Remand.

## I.
### BACKGROUND

On October 11, 2017, Mr. Miller brought suit in state court against Panther, alleging that he was injured in a November 2015 work incident when the box truck he was unloading prematurely moved away from the loading dock. [Filing No. 1-1 at 3-4.] On November 8, 2017, Panther removed the matter, invoking this Court's diversity jurisdiction. [Filing No. 1.] On February 28, 2018, Mr. Miller moved to amend his complaint to join Mr. Hall and Expediter as defendants. [Filing No. 17.]

On July 6, 2018, the Court granted Mr. Miller's motion for leave to amend. [Filing No. 34.] The Court noted, however, that this matter could not proceed as-is if Expediter's joinder would destroy diversity:

> One issue remains, however. Mr. Miller's proposed amended complaint, [Filing No. 17-1], alleges that he does not know the citizenship of Expediter's members. The Court therefore **ORDERS** Mr. Miller to conduct whatever investigation may be necessary to properly allege Expediter's citizenship and to file an amended complaint reflecting the proper jurisdictional allegations on or before **July 20, 2018**. Should Expediter's joinder destroy diversity, Mr. Miller should allege such and contemporaneously file a motion to remand, whereupon the other defendants may renew their opposition to Mr. Miller's motion for leave to amend as to Expediter. *See, e.g, Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 759 (7th Cir. 2009) ("When joinder of a nondiverse party would destroy subject matter jurisdiction, 28 U.S.C. § 1447(e) applies and provides the district court two options: (1) deny joinder, or (2) permit joinder and remand to state court. These are the only options; the district court may not permit joinder of a nondiverse defendant *and* retain jurisdiction." (internal footnote and citation omitted)); *id.* at 761 (". . . [W]hen a district court is unaware that joinder will destroy diversity, it may reconsider its prior decision permitting leave to amend a complaint.").

[Filing No. 34 at 13-14.]  Thus, the Court ordered Mr. Miller to conduct an investigation as to Expediter's citizenship, directed that Mr. Miller file a motion to remand if appropriate, and advised Panther that it may renew its opposition to Expediter's joinder if Mr. Miller sought remand.

On July 20, 2018, Mr. Miller filed his Amended Complaint, stating that the "identity of the members of [Expediter] and their states of citizenship are unknown to Plaintiff despite inquiry to Defendant Expediter."  [Filing No. 35.]  As directed by the Court, Mr. Miller contemporaneously moved to remand this case to state court.  [Filing No. 36.]  Mr. Miller's Motion to Remand and Panther's Motion for Leave to File Surreply are fully briefed and ripe for decision.

## II.
### DISCUSSION

Mr. Miller argues that remand is required because Expediter has failed to establish that subject matter jurisdiction exists.  [Filing No. 36.]

As explained in the Court's Order permitting Mr. Miller to join Expediter, Panther had the option to reassert its objection to Expediter's joinder in response to Mr. Miller's Motion to Remand.  [Filing No. 34 at 14.]  It has not done so.  Instead, Panther opposes Mr. Miller's Motion on its merits, detailing Expediter's corporate structure and attaching affidavits which, if credited, would establish that Expediter is a citizen of several states (specifically, Tennessee, Wyoming, Missouri, Arizona, and New Jersey), none of which is Indiana, the state of which Mr. Miller is a citizen.  [Filing No. 48.]  Panther argues that complete diversity exists and that remand would therefore be inappropriate.

In reply, Mr. Miller lodges what are essentially evidentiary objections.  First, Mr. Miller argues that several affiants purport to have personal knowledge of the domiciles of other persons without any facts to support the claim of personal knowledge.  [Filing No. 50 at 4-5.]  Second, Mr. Miller argues that the affidavits assert domicile in a conclusory fashion, with no facts or evidence

to support the claim that each person intends to remain indefinitely in the state of residence.  [Filing No. 50 at 5-6.]

In its proposed surreply, Panther responds to Mr. Miller's evidentiary objections, arguing that the affidavits are sufficient.  [Filing No. 52-1.]  Mr. Miller opposes Panther's Motion for Leave to File Surreply, arguing that additional briefing is unnecessary because Panther "has had ample opportunity to thoroughly brief all of these issues in its response."  [Filing No. 58 at 3.]

As an initial matter, the Court **GRANTS** Panther's Motion for Leave to File Surreply. [Filing No. 52-1.]  Mr. Miller's reply brief is dedicated to identifying evidentiary deficiencies from Panther's response brief.  Panther could not have been expected to "make an argument in anticipation of an objection that may never be made."  *Smith v. Bray*, 681 F.3d 888, 902 (7th Cir. 2012), *overruled in part on other grounds by Ortiz v. Werner Enters., Inc.*, 834 F.3d 760 (7th Cir. 2016).  And while the Local Rules expressly allow for surreplies in similar circumstances on summary judgment, S.D. Ind. L.R. 56-1(d), nothing in the Local Rules prohibits the Court from permitting a surreply when doing so would provide all parties with a fair opportunity to address a potentially dispositive issue, *see Smith*, 681 F.3d at 902-03.  The Court finds Panther's Motion for Leave to be well-taken and limited to the issues raised in Mr. Miller's reply brief, and therefore considers Panther's proposed surreply in evaluating Mr. Miller's Motion to Remand.

Turning, then, to the merits of Mr. Miller's Motion for Remand, the Court begins with the recognition that the federal district courts are courts of limited jurisdiction.  *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005).  "[T]he district courts may not exercise jurisdiction absent a statutory basis," *id.*, and "[t]he party invoking federal jurisdiction bears the burden of establishing the elements of jurisdiction," *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 237 (7th Cir. 1995).  Here, Panther is invoking the jurisdiction of this Court by opposing Mr.

Miller's Motion, *see id.*, relying upon 28 U.S.C. § 1332. That statute, which sets forth the requirements for diversity jurisdiction, explains that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States . . . ." 28 U.S.C. § 1332(a). This "statutory formulation . . . require[s] complete diversity between all plaintiffs and all defendants." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).

Mr. Miller argues that Panther has failed to establish that Expediter is diverse from Mr. Miller—that is, that Expediter is a citizen of states other than Indiana. Where "the court's jurisdiction is challenged as a factual matter by either the court or the opposing party, the party invoking the jurisdiction bears the burden of supporting its jurisdictional allegations by competent proof," which is "proof to a reasonable probability that jurisdiction exists." *NLFC, Inc.*, 45 F.3d at 237. In contrast, a facial challenge requires only that the party invoking jurisdiction sufficiently allege a basis for jurisdiction. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009).

Panther has proffered eight affidavits, each attesting to Expediter's corporate form and the citizenship of its members. [Filing No. 48-2; Filing No. 48-3; Filing No. 48-4; Filing No. 48-5; Filing No. 48-6; Filing No. 48-7; Filing No. 48-8; Filing No. 48-9.] Where the citizenship of a particular member is itself an unincorporated entity, Panther has proffered affidavits attesting to the citizenship of the relevant trustors, trust beneficiaries, partners, or members. [*See* Filing No. 48-2 at 1-2.] All told, the affidavits demonstrate that none of Expediter's members share Mr. Miller's Indiana citizenship, making jurisdiction proper if Expediter's showing is legally sufficient.

Mr. Miller does not contest Panther's application of the law of associational citizenship. Nor does he provide any basis for contesting the averments. Rather, Mr. Miller contends, without citation to any authority to support his contention, that Panther's evidentiary showing is insufficient because the affiants purport to have personal knowledge of other individuals' domicile without attesting to the underlying facts supporting that personal knowledge. Similarly, Mr. Miller contends that it is not enough for an affiant to testify to one's "citizenship" or "domicile," but instead must offer evidence to support the contention that a particular state is where the affiant (or other individual) intends to remain indefinitely.

But the problem with Mr. Miller's arguments is that he "ignores the critical difference between facial and factual challenges to jurisdiction." *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009). While Mr. Miller purports to raise a factual challenge to Panther's claim to jurisdiction, such a challenge requires that the party challenging jurisdiction raise "external facts call[ing] the court's jurisdiction into question." *Id.* at 444. Here, Mr. Miller has presented no such evidence to counter Panther's affidavits. Thus, while painted as a factual challenge, Mr. Miller's jurisdictional challenge is really a facial challenge, which requires only that the court determine whether the party asserting jurisdiction "has sufficiently *alleged* a basis of subject matter jurisdiction." *Id.* at 443 (emphasis in original). The affidavits proffered by Panther certainly meet this standard by identifying each layer of unincorporated entities which own Expediter and then stating the "citizenship" or "domicile" of each.

Even if Panther were required to do more than merely allege the requisite jurisdictional allegations in response to Mr. Miller's facial jurisdictional challenge, Mr. Miller has not shown that the affidavits offered in support are improper. For one, each attests that the affiant has personal knowledge of all facts alleged therein. No authority requires that an affiant attest to the facts

establishing personal knowledge in the absence of any evidence undermining the assertions of personal knowledge. Similarly, it is simply not the case that an affiant cannot attest to the citizenship of another person. Again, Mr. Miller provides the Court with no reason to question the veracity of the affiants' assertions that they have personal knowledge of the facts underlying their statements.

Finally, Mr. Miller challenges the terms "citizenship" or "domicile" as legal conclusions, but again cites to no authority requiring that an affiant set forth all underlying facts for those particular assertions. Courts regularly entertain affidavits attesting to the "primary place of business" for corporate citizenship, and that phrase, too, is a somewhat conclusory assertion derived from a series of background facts about the workings of the business. *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) ("We conclude that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities."). Some showing of the underlying facts would be required if a party provided evidence challenging such an assertion, but that does not undermine the sufficiency of an unchallenged affidavit attesting to things such as "primary place of business" or an individual's "domicile." Accordingly, even if Panther were required to do more than allege citizenship at this stage, it has adequately done so via the sworn, signed affidavits it has proffered in response to Mr. Miller's Motion.

### III.
#### CONCLUSION

While masquerading as a factual challenge to diversity jurisdiction, Mr. Miller provides no evidence to contradict Panther's showing of complete diversity. Mr. Miller's challenge is thus accurately characterized as a facial challenge, and that challenge fails in light of Panther's affidavits establishing that Expediter is a citizen of Tennessee, Wyoming, Missouri, Arizona, and

New Jersey—but not Indiana, of which Mr. Miller is a citizen. Panther has met its burden of alleging that all defendants are diverse from Mr. Miller, as required to invoke this Court's diversity jurisdiction. The Court therefore **DENIES** Mr. Miller's Motion to Remand [36] and additionally **GRANTS** Panther's Motion for Leave to File Surreply [52].

Date: 9/25/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**