UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOHN MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-04149-JMS-TAB |
| | ) | |
| PANTHER II TRANSPORTATION, INC., | ) | |
| EXPEDITER SERVICES, LLC, | ) | |
| WILLIAM A. HALL, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Plaintiff John Miller originally brought this lawsuit against Defendant Panther II Transportation, Inc. ("Panther"), alleging that he was injured when Panther's employee pulled away from a loading dock while he was using a forklift in the back of the box truck. After the statute of limitations had run, Mr. Miller sought leave to amend his Complaint to allege claims against William Hall, who allegedly drove the box truck, and Expediter Services, LLC ("Expediter"), which may have employed Mr. Hall. Panther opposed the Motion to Amend, arguing that the proposed amended complaint would not relate back to the filing of the original Complaint. The Court granted Mr. Miller's Motion to Amend, noting the odd posture of Panther attempting to raise Expediter's affirmative defense and the paucity of the record. The dispositive issue for relation back, the Court held, was not what the plaintiff knew at the time the statute of limitations ran, but whether the newly-joined party "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." [Filing No. 34 at 2.]

Now, Expediter, one of the newly-joined parties, has filed a Motion to Dismiss, arguing that it had no reason to believe it would have been sued but for a mistake and that Mr. Miller's suit is therefore time-barred. [Filing No. 61.] Expediter's Motion should have been styled a motion for summary judgment under Rule 56. But Mr. Miller recognized this fact and took the opportunity to submit evidence in response. *Cf.* Fed. R. Civ. P. 12(d) ("All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."). The undisputed evidence provides no basis for relation back, rendering Mr. Miller's claim against Expediter untimely under the applicable statute of limitations. The Court, construing Expediter's Motion as a motion for summary judgment, **GRANTS** the Motion for the reasons described below.

## I.
### LEGAL STANDARD

As alluded to above, a threshold issue in assessing Expediter's Motion is determining the applicable legal standard. Expediter has filed its Motion to Dismiss under Rule 12(b)(6), which provides a mechanism for challenging the legal sufficiency of a complaint, arguing that Mr. Miller's Complaint is barred by the applicable statute of limitations. "Dismissing a complaint as untimely at the pleading stage is an unusual step, since a complaint need not anticipate and overcome affirmative defenses," except in the rare situation where the plaintiff "alleges facts sufficient to establish a statute of limitations defense." *Sidney Hillman Health Ctr. of Rochester v. Abbott Labs., Inc.*, 782 F.3d 922, 928 (7th Cir. 2015). This would be such a situation given that the dates set forth in the Amended Complaint establish its untimeliness, except that Mr. Miller has raised the relation-back doctrine to resist the application of the statute of limitations. Expediter anticipated this (which is unsurprising, given the procedural history of this matter), and therefore submitted a declaration from its president in support of its Motion. Expediter's decision to present "matters outside the pleadings" means that it should have filed its motion as a motion for summary

judgment under Rule 56, consistent with the ordinary procedure for resolving affirmative defenses. Fed. R. Civ. P. 12(d); *Sidney Hillman*, 782 F.3d at 928.

The result is that the Court must either exclude Expediter's evidence or treat the motion "as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). Mr. Miller likewise recognized that resolving Expediter's Motion required consideration of outside evidence, having submitted numerous exhibits in opposition. He also affirmatively asserts that the Court "should construe the Motion under [Rule 56] as a Motion for Summary Judgment." [Filing No. 76 at 9.] Based upon this affirmative assertion and recognition that Expediter's Motion should be resolved under the parameters of Rule 56, *cf. Sansone v. Brennan*, 2019 WL 1062288 (7th Cir. 2019) (publication pending) ("Waiver is intentionally abandoning a known right."), the Court concludes that all parties have received "a reasonable opportunity to present all the material that is pertinent to the motion," Fed. R. Civ. P. 12(d). Accordingly, the Court treats Expediter's Motion as a motion for summary judgment. As noted, Mr. Miller anticipated the treatment of Expediter's Motion as one for summary judgment, and he responded accordingly, also submitting matters outside the record. He has therefore had a full opportunity to be heard, and Expediter's motion is ripe for consideration.

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). As the current version of Rule 56 makes clear, whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). A party can also support a fact by showing that the materials cited do not establish the absence or presence of a genuine dispute or that the adverse

party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(B). Affidavits or declarations must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on matters stated. Fed. R. Civ. P. 56(c)(4). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

In deciding a motion for summary judgment, the Court need only consider disputed facts that are material to the decision. A disputed fact is material if it might affect the outcome of the suit under the governing law. *Hampton v. Ford Motor Co.*, 561 F.3d 709, 713 (7th Cir. 2009). In other words, while there may be facts that are in dispute, summary judgment is appropriate if those facts are not outcome determinative. *Harper v. Vigilant Ins. Co.*, 433 F.3d 521, 525 (7th Cir. 2005). Fact disputes that are irrelevant to the legal question will not suffice to defeat summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

On summary judgment, a party must show the Court what evidence it has that would convince a trier of fact to accept its version of the events. *Johnson v. Cambridge Indus.*, 325 F.3d 892, 901 (7th Cir. 2003). The moving party is entitled to summary judgment if no reasonable factfinder could return a verdict for the non-moving party. *Nelson v. Miller*, 570 F.3d 868, 875 (7th Cir. 2009). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Darst v. Interstate Brands Corp.*, 512 F.3d 903, 907 (7th Cir. 2008). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *O'Leary v. Accretive Health, Inc.*, 657 F.3d 625, 630 (7th Cir. 2011). The Court need only consider the cited materials, Fed. R. Civ. P. 56(c)(3), and the Seventh Circuit Court of Appeals has "repeatedly assured the district

courts that they are not required to scour every inch of the record for evidence that is potentially relevant to the summary judgment motion before them," *Johnson*, 325 F.3d at 898. Any doubt as to the existence of a genuine issue for trial is resolved against the moving party. *Ponsetti v. GE Pension Plan*, 614 F.3d 684, 691 (7th Cir. 2010).

## II.
### BACKGROUND

The following factual background is set forth pursuant to the standards detailed above. The facts stated are not necessarily objectively true, but as the summary judgment standard requires, the undisputed facts and the disputed evidence are presented in the light most favorable to "the party against whom the motion under consideration is made." *Premcor USA, Inc. v. American Home Assurance Co.*, 400 F.3d 523, 526-27 (7th Cir. 2005).

As the Court summarized in its Order dated July 6, 2018 granting Mr. Miller's Motion to Amend:

> This lawsuit arises out of a November 18, 2015 incident when Mr. Miller and the forklift he was operating fell out of the back of a box truck when the truck began to drive away from the loading dock. [Filing No. 1-1 at 3.] On October 11, 2017, Mr. Miller brought suit against Panther in state court, alleging that the incident occurred as a "result of the negligence of [Panther's] employees and agents." [Filing No. 1-1 at 4.] On November 8, 2017, Panther removed the matter based upon the Court's diversity jurisdiction. [Filing No. 1.]
>
> Through discovery, Mr. Miller learned that Mr. Hall was the driver of the box truck and that he was (or may have been) an employee of Expediter.

[Filing No. 34 at 3-4.] Mr. Miller had obtained a recorded statement from Mr. Hall in which he said: "Expediter's [sic] was the one that I was gettin' paid through. . . . Yeah, I was just an employee of Expediter Services." [Filing No. 76-6 at 6-7.]

Thereafter,

> [o]n December 22, 2017, Mr. Miller's counsel mailed a letter to Mr. Hall explaining that "when this lawsuit was filed, I did not know your involvement with this

accident" and that "it has now become necessary to add you as a party defendant in this lawsuit." [Filing No. 17-10 at 3.] On January 9, 2018, Mr. Miller's counsel mailed a similar letter to counsel for Expediter, explaining Mr. Hall had given a statement that he was an employee of Expediter at the time of the incident. [Filing No. 17-10 at 7.] The letter stated: "I understand that Mr. Hall may be mistaken in this assertion, but this is what he said. If I had known this information previously, I would have named Expediter . . . as a party defendant in this lawsuit . . . ." [Filing No. 17-10 at 7.]

[Filing No. 34 at 4.]

Panther has admitted that, while it denies that any of its employees or agents were negligent, it is the proper defendant in this lawsuit "because the vehicle and truck driver involved in the incident were dispatched and operated under Panther's federal motor carrier operating authority." [Filing No. 62 at 3 (citing admission in Amended Complaint at Filing No. 43 at 5 ("[Panther] admits [that it] is responsible for the conduct of defendant Hall which occurred within the scope of and while under dispatch . . . .")).] Panther has also offered uncontested evidence providing additional details concerning the relationships between Expediter, Panther, and Mr. Hall. Expediter provides equipment and support for trucking companies. [Filing No. 62-1 at 1.] Expediter entered into a contract with Panther to provide such services. [Filing No. 62-1 at 1-2.] Mr. Hall, in turn, had an independent contractor relationship with Expediter through which he leased a truck. [Filing No. 62-1 at 40-52.] Panther exclusively possessed and controlled the equipment it received pursuant to its contract with Expediter. [Filing No. 62-1 at 2.] Panther was also responsible for dispatching the drivers provided by Expediter, such as Mr. Hall, under the terms of the contract. [Filing No. 62-1 at 2.]

On October 1, 2018, Expediter filed the instant Motion, [Filing No. 61], which the Court has construed as a motion for summary judgment. Expediter's Motion is now fully briefed and ripe for consideration.

# III.
## DISCUSSION

As the Court has explained, Mr. Miller moved for leave to amend his Complaint to add Expediter as a defendant after the statute of limitations had run for a negligence claim, arguing that the amendment related back to the timely-filed Complaint. The parties' briefing in large part mirrors the arguments made on Mr. Miller's Motion to Amend, with the caveat that now Expediter, the newly-added Defendant, has had the opportunity to offer evidence and argument concerning what it knew or should have known within the Rule 4(m) period. Expediter appropriately realizes that "[t]he nature of Plaintiff's mistake is not important," but argues, based upon its contractual relationship with Panther and Mr. Hall, that it did not expect to be sued but instead "expected (and still expects) Panther to be responsible for any claims which resulted from . . . the dispatch of its driver William Hall." [Filing No. 62 at 10.]

In response, Mr. Miller first argues that his letters to Expediter "are more than sufficient to have placed Defendant Expediter on actual notice" that it would have been sued but for a mistake. [Filing No. 76 at 7.] Mr. Miller additionally argues that he has met his burden of demonstrating relation back under the Indiana Rules of Trial Procedure. [Filing No. 76 at 7-9.] Finally, Mr. Miller argues that there is a genuine issue of material fact as to the relationship between Mr. Hall and Expediter based upon Mr. Hall's recorded statements. [Filing No. 76 at 10-11.]

In reply, Expediter reiterates that Mr. Miller has failed to establish relation back. [Filing No. 86 at 1-4.] Expediter argues that Mr. Miller's evidence fails to generate a genuine issue of fact as to the contractual relationship between Expediter and Mr. Hall and that, regardless, his perception of that relationship has no bearing on what Expediter knew or should have known. [Filing No. 86 at 4-6.]

The Court begins, as it did in its Order on Mr. Miller's Motion to Amend, with the text of Federal Rule of Civil Procedure 15(c)(1):

> **(1)** *When an Amendment Relates Back.* An amendment to a pleading relates back to the date of the original pleading when:
> . . .
>> **(C)** the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>>> **(i)** received such notice of the action that it will not be prejudiced in defending on the merits; and
>>> **(ii)** knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

As Panther did in response to the Motion to Amend, Expediter here has conceded that subparagraph (i) is met, inasmuch as it received the letter from Mr. Miller within the Rule 4(m) timeline and raises no claim of prejudice. [*See* Filing No. 62 at 6.] Therefore, the issue before the Court is whether Expediter, as "the party to be brought in by amendment," "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C). The Court's earlier Order on Mr. Miller's Motion to Amend dealt with a "discrete part of subparagraph (ii)—the meaning of 'but for a mistake concerning the proper party's identity.'" [Filing No. 34 at 5.] At the time, Panther argued that Mr. Miller could not meet that provision because Mr. Miller did not make a "mistake" concerning Expediter's identity, but instead simply lacked knowledge of Expediter's potential employment role at the time he filed this lawsuit. Based upon the Supreme Court's decision in *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538 (2009), and the Seventh Circuit's decision in *Joseph v. Elan Motorsports*, 638 F.3d 555, 559 (2011), the Court rejected Panther's argument as reflecting the "incorrect focus by looking at what Mr. Miller knew or did not know [about Expediter.] *Krupski* requires a different focus: the Court must look to what [Expediter] knew or should have known."

[Filing No. 34 at 12.] As the Supreme Court succinctly explained, "Information in the plaintiff's possession is relevant only if it bears on the defendant's understanding of whether the plaintiff made a mistake regarding the proper party's identity." *Krupski*, 560 U.S. at 548. Applying the correct focus, the Court granted Mr. Miller's Motion to Amend, noting that because Expediter was not a party, it could not "meaningfully litigate . . . what [it] 'knew or should have known.'" [Filing No. 34 at 6.] Rather, in that procedural posture, the "only evidence . . . [was] the uncontroverted and uncontested evidence proffered by Mr. Miller, which demonstrate[d] that he informed the Putative Defendants of his intent to join them in the action within the time allotted by Rule 4(m)." [Filing No. 34 at 6.]

Now, however, Expediter is a party, and the undisputed evidence conclusively demonstrates that it had no reason to believe that it would have been joined "but for a mistake concerning the proper party's identity." Mr. Miller's counsel's letter to Expediter explained only that Mr. Hall had stated that "he was an employee of Expediter Services at the time of [the] accident" and that, had he "known this information previously, [he] would have named Expediter Services as a party defendant in the lawsuit." [Filing No. 76-4 at 1.] At the time, Expediter knew that it had an independent contractor relationship with Mr. Hall and that Panther was responsible for dispatching Mr. Hall for trucking assignments. As such, Expediter had no reason to believe that its omission from this lawsuit was a mistake.

Mr. Miller's arguments to the contrary are unavailing. First, Mr. Hall's conclusory statement about being an Expediter employee is insufficient to create a genuine issue of material fact concerning Mr. Hall's relationship with Expediter. Moreover, in the final analysis, the precise legal contours of that relationship are irrelevant to whether Expediter should have known that it would have been sued except to the extent the relationship put Expediter on notice that it would

9

have been sued. *See [Joseph, 638 F.3d at 560](Joseph, 638 F.3d at 560)* (holding that the nature of the contractual relationships issue put unnamed, but related, corporate defendant on notice that it would have been named as a defendant but for the plaintiff's mistake). One can imagine a situation where a company attaches an "independent contractor" label to a relationship with an individual, but actually carries out all of the functions of an employer. In such a situation, the company could not hide behind the superficial language of its contract to argue against relation back. But Mr. Hall's statements about being "paid through" Expediter and being "just an employee of Expediter" do not suffice against the unrebutted terms of the contracts at issue. Rather, the undisputed evidence shows that it was Panther who dispatched Expediter and who has admitted that Mr. Hall was acting as its agent at the time of the incident. Given that information, Expediter had no reason to believe that Mr. Miller had made a mistake in omitting it, but instead reasonably believed that it had not been named as a defendant because it lacked the required agency relationship for vicarious liability.

In other words, Expediter knew that Mr. Hall had sued Panther—a proper party to this matter. From Expediter's perspective, Mr. Miller's decision to sue a proper party appeared to be anything but a mistake, and nothing about Mr. Hall's statement impacts that assessment. Indeed, Panther has conclusively admitted, in its Answer, that it is "responsible for the conduct of defendant Hall." [Filing No. 43 at 5.] That admission is "binding upon the party making [it]" and "may not be controverted"; in fact, the admission "ha[s] the effect of withdrawing [the issue] from contention." *[Keller v. United States, 58 F.3d 1194, 1198 n.9 (7th Cir. 1995)](Keller v. United States, 58 F.3d 1194, 1198 n.9 (7th Cir. 1995))* (internal quotation omitted). As such, Panther has no leeway to withdraw or challenge its status as a proper party for secondary liability for Mr. Hall's alleged negligence. Mr. Miller therefore faces no risk that he may lack a remedy should he be able to prove that Mr. Hall was negligent.

Finally, Mr. Miller's reliance on Indiana Rule of Trial Procedure 15(C) is likewise misplaced. Trial Rule 15(C), like Federal Rule of Civil Procedure 15(c), provides that a belated amendment may relate back if, among other things, "the party to be brought in by amendment[] . . . knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against [it]." Mr. Miller cites a string of cases to illustrate "the relative liberality of Indiana law regarding what constitutes a 'mistake.'" [Filing No. 76 at 7.] But Mr. Miller's argument again is incorrectly focused on what he knew or did instead of what Expediter knew or should have known. Again, the evidence does not support Mr. Miller's assertion that Expediter should have known that it was omitted because of a mistake instead of being omitted because it was not Mr. Miller's employer.

Moreover, Indiana precedent does not provide Mr. Miller with the favorable interpretation of "mistake" set forth in *Krupski* and *Joseph*. In *Miller v. Danz,* 36 N.E.3d 455 (Ind. 2015), an opinion issued long after *Krupski*, *Joseph*, and the cases cited in Mr. Miller's brief, the Indiana Supreme Court rejected the argument that the "lack of knowledge of [a defendant's] identity would qualify as a mistake for purposes of relation back under Trial Rule 15(C)." *Id.* at 457. As the court explained, reminiscent of the reasoning set forth in the pre-*Krupski* opinion of *Hall v. Norfolk Southern Railway Co.*, 469 F.3d 590 (7th Cir. 2006), "Adding a new party because there has been a mistake concerning the identity of the proper defendant, i.e. a misnomer, is not akin to inserting a name for a previously unknown 'John Doe' defendant." *Miller*, 36 N.E.3d at 458. And without a "'mistake,' Trial Rule 15(C) has no application." *Id.* Therefore, in addition to falling short under Federal Rule of Civil Procedure 15(c), Mr. Miller's Amended Complaint does not relate back under Trial Rule 15(C).

## IV.
### CONCLUSION

Properly focusing the inquiry on whether Expediter knew or should have known, the Court concludes that the undisputed evidence provided Expediter with no reason to believe that it would have been sued but for Mr. Miller's mistake. Mr. Miller's time-barred claim against Expediter therefore does not relate back to the timely-filed original Complaint under Federal Rule of Civil Procedure 15(c). For the same reason, in addition to the Indiana Supreme Court's distinct interpretation of "mistake," Mr. Miller's Amended Complaint does not relate back under Trial Rule 15(C). The Court construes Expediter's Motion to Dismiss as a motion for summary judgment and, so construed, **GRANTS** the Motion [61] because Mr. Miller's claim against Expediter is barred by the statute of limitations. Because Mr. Miller's Amended Complaint remains pending against Panther and Mr. Hall, no partial final judgment will issue.

Date: 3/12/2019

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record.**